IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

vs.

**ROBERT HALL,**                                                   4:01cr47-SPM/AK

          **Defendant.**
_____/


## REPORT AND RECOMMENDATION

Defendant, proceeding *pro se*, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Doc. 126.  The Government has answered, Doc. 139, and Defendant has filed a reply.  Doc. 140.  Defendant has also filed a supplement to his § 2255 motion, Doc. 143, and a motion for adjudication in light of *Booker*.  Doc. 146.  Having carefully considered the matter, the Court recommends that the motion to vacate be denied.

## BACKGROUND

Defendant Robert Hall was indicted in two counts of a seven-count drug indictment.  In Count One, Defendant was indicted with two co-defendants, Christopher Brown and Willie James Francis, for conspiracy to distribute and to possess with intent

to distribute more than fifty grams of cocaine base, "crack cocaine." Doc. 1. In Count Seven, he was charged with co-defendant Brown with possession with intent to distribute more than five grams of cocaine base, "crack cocaine." *Id*. Brown and Francis pled guilty to Count One, and Defendant, who went to trial, was convicted as charged. Doc. 61. On February 11, 2002, Defendant was sentenced to 360 months on each count, to run concurrently. Doc. 85.

Defendant appealed to the Eleventh Circuit, arguing "that the trial judge committed several errors that, when considered cumulatively, denied him a fair trial and therefore due process of law." *United States v. Hall*, 314 F.3d 565, 566 (11th Cir. 2002). More specifically, Defendant complained that certain testimony from the agent "should not have come before the jury" and that "the jury should not have heard the prosecutor state in his final summation that the argument made by his attorney was a 'damn lie,' which made him 'mad.'" *Id*.[1] The appellate court found that the Court did not commit plain error in failing to intervene on its own when the statements were made by the witness and the prosecutor. *Id*. The court then found that even if it assumed that the errors were plain, they did not affect Defendant's substantial rights or the "'fairness, integrity or public reputation of the judicial proceedings.'" *Id*. The court concluded: "The evidence of guilt in this case was overwhelming. There can be no doubt that [Defendant] committed the charged offenses." *Id*.

---

[1] Defendant made an additional argument regarding the Court's lesser included offense instruction. *See United States v. Hall*, 2002 WL 32104197 (11th Cir. June 3, 2002) (Brief of Appellant); Doc. 139 (Brief of Appellee). However, the Eleventh Circuit did not address this as an issue in its opinion.

The instant motion followed.  On this occasion, Defendant raises seven grounds for relief:

1. "Application of <u>Apprendi v. New Jersey</u>...and structural error";

2. "Ineffective Assistance of Counsel/Constructive Amendment of the indictment and Structural error";

3. "Ineffective Assistance of Counsel/Actually Innocent of drug offenses involving Cocaine base also known as crack";

4. "District Court's lack of jurisdiction to enhance [Defendant's] sentence by way of prior convictions";

5. "Counsel failed to object during Rule 29 Motion that the cocaine in Count Seven...was Crack Cocaine";

6. Ineffective assistance of counsel for "failing to argue during closing argument that the government failed to prove beyond a doubt that [Defendant] was involved in a conspiracy";

7. Ineffective assistance of counsel for "failing to argue during sentencing that there was no proof that the cocaine in Exhibit-7 was crack cocaine for enhanced penalties to apply."

Doc. 126 at 5-7.  Each claim will be addressed in turn.

## **DISCUSSION**

I.   *Apprendi*

In his first claim for relief, Defendant argues that "structural error has occurred in light of **Apprendi**...as the jury was not instructed entirely, nor did it enter a verdict of guilty entirely on the elements of drug type and quantity....  Doc. 126, Brief at 2.

The Government does not dispute that *Apprendi* requires that drug type and quantity must be set forth in the indictment and proven to the jury beyond a reasonable doubt where those facts affect the maximum sentence a defendant faces.  *See Apprendi v. New Jersey*, 530 U.S. 466 (2000).  It argues, however, that there was no

*Apprendi* error in this case because (1) both Counts One and Seven of the indictment specified the quantity and the sentencing provision by statutory reference and identified cocaine base, or "crack cocaine," as the drug at issue and (2) the jury instructions clearly instructed the jury regarding the elements of the offenses and the Government's burden of proof on all issues including drug type and quantity.

The Court agrees that there was no *Apprendi* error, much less a structural error, in this case. "Structural error occurs only in the rare instance involving a 'structural defect affecting the framework within [which] the trial proceeds, rather than simply an error in the trial process itself.'" *United States v. Nealy*, 232 F.3d 825, 829 n.4 (11th Cir. 2000) (citation omitted). "Examples of structural error involve extreme deprivations of constitutional rights, such as denial of counsel, denial of self representation at trial, and denial of a public trial." *Id*. "Failure to submit the issue of drug quantity to the jury is just an element of the trial process and does not rise to the level of structural error...." *Id*.

In this case, the issues of drug type and drug quantities were plainly alleged in the indictment and then submitted to the jury for its consideration. *See* Doc. 62 at 12-16. With regard to the indictment, it is sufficient for *Apprendi* purposes for the indictment to reference the appropriate statutes as did the instant indictment. *Nealy*, 232 F.3d at 830 n.5. As to the jury instructions, the Court properly explained the term "beyond a reasonable doubt," *id*. at 3, and then reiterated at every step the Government's burden of proving Defendant's guilt and the drug type and quantities "beyond a reasonable doubt." This is all *Apprendi* requires, and the fact that the Court did not define cocaine base to the jury as it is defined in the Sentencing Guidelines is immaterial. Furthermore, *Apprendi* does not address "those findings that merely cause

Case 4:01-cr-00047-MW-CAS   Document 148   Filed 05/31/05   Page 5 of 9

the guideline range to shift within the statutory range." *United States v. Sanchez*, 269 F.3d 1250, 1262 (11th Cir. 2001). Thus, the jury's findings that the drug quantities exceeded fifty grams in Count One and five grams in Count Seven is appropriate for *Apprendi* purposes.

*Booker* provides no relief to this Defendant. Following its decision in *Blakely v. Washington*, which involved the constitutionality of state sentencing guidelines and the application of *Apprendi*, the United States Supreme Court determined that *Blakely* applies to the Federal Sentencing Guidelines as well. *United States v. Booker*, ____ U.S. ____, 124 S.Ct. 2519, 159 L.Ed. 2d 442 (2004). However, the Eleventh Circuit has recently determined that *Booker* is not retroactively applicable to cases on collateral review, as "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *see also In re Anderson*, 396 F.3d 1336 (11th Cir. 2005) (because *Booker* is not retroactively applicable on collateral review, defendant was not entitled to file second or successive § 2255 motion).

Ground One and Defendant's motion for adjudication on the merits on *Booker* grounds are without merit and should therefore be denied.

II.     Ineffective assistance of counsel based on counsel's failure to object to constructive amendment of indictment.

Defendant maintains that there was a constructive amendment of the indictment in this case because the Court instructed the jury that it could find Defendant guilty for distributing and possessing with intent to distribute lesser quantities of drugs than those

*Case No: 4:01cr47-spm/ak*

charged in the indictment and that counsel was ineffective for failing to argue this point. Counsel plainly argued against the granting of the lesser included offense instructions, which the Court gave over Defendant's objections. The issue as to whether Defendant was deprived of his constitutional right to choose his own defense strategy was preserved and presented on appeal even though the Eleventh Circuit did not address the matter in its opinion.

Even if the Court assumes that counsel was deficient in failing to pursue a constructive amendment argument with regard to the lesser included offense instructions, Defendant was not prejudiced thereby because he was convicted of the charges specifically alleged in the indictment, not of the lesser included offenses. Thus, any alleged error on counsel's part did not affect the outcome of the proceedings. *See Strickland v. Washington*, 466 U.S. 668, 693-94 (1984) (to show prejudice, defendant must show reasonable probability that, but for counsel's unprofessional errors, result of proceeding would have been different).

This ground is thus meritless and should be denied.

III. Ineffective assistance of counsel based on counsel's failure to challenge drug type.

In this ground for relief, Defendant maintains that "[a]t no time during the trial of the present case did the government prove that the cocaine base involved in this case was the crack form of cocaine base as described by the Sentencing Guidelines," Doc. 126, Brief at 13, and thus, counsel was ineffective for not assuring that the drug evidence met "the legal definition of crack cocaine...as defined by the Sentencing Guidelines." *Id.* at 16.

Despite Defendant's protestations to the contrary, the evidence was overwhelming that the drugs at issue were cocaine base, as testified to by the expert drug analyst, and that the cocaine base was in the form of crack–even the drugs which had been crushed and doused with beer--as testified to by various law enforcement agents. Counsel cannot be faulted for failing to pursue a meritless challenge. This ground should also be denied.

IV.   Court's jurisdiction to enhance sentence based on prior convictions.

In this ground, Defendant maintains that the Court was without jurisdiction to enhance his sentence based on his prior convictions because the Government did not file a notice of enhancement pursuant to 21 U.S.C. § 851. This claim is easily resolved, as the Eleventh Circuit has held that "the Government does not have to follow the notice requirements of section 851 in order to use a defendant's prior convictions to enhance his sentence under the Guidelines as a career offender, so long as the enhanced sentence still falls within the permissible statutory range." *Young v. United States*, 936 F.2d 533, 536 (11th Cir. 1991). Defendant's 360-month sentence was clearly within the permissible statutory range, as he was facing a life sentence.

Ground Four is meritless.

V.   Counsel's failure to argue in motion for judgment of acquittal that cocaine in Count Seven was not crack cocaine.

As more fully explained *supra* at III, there is no merit to this ground. The only thing which bears repeating is that an attorney is not ineffective for failing to raise meritless issues such as this.

*Case No: 4:01cr47-spm/ak*

Case 4:01-cr-00047-MW-CAS   Document 148   Filed 05/31/05   Page 8 of 9

Page 8 of 9

VI. Ineffective assistance of counsel for failing to argue during closing argument that Government failed to prove Defendant's involvement in conspiracy beyond a reasonable doubt.

Counsel's argument on closing hinged primarily on the believability of the co-defendants, particularly Brown. In concluding, counsel explained the term "beyond a reasonable doubt" as "proof of such a convincing nature that you would be willing...to rely and act upon it without hesitation in the most important of your own affairs." Doc. 107 at 47. He then argued to the jury that before it could "believe there was a conspiracy here, you are being asked to...rely on [Brown] as you would rely on his testimony in your own affairs." The Court acknowledges that this is not particularly phrased in an artful manner, but the gist of counsel's argument is clear: before the jury could find Defendant guilty of a conspiracy, it had to believe Brown's testimony beyond a reasonable doubt. In other words, counsel made the argument that Defendant did not think he made. There is no ineffective assistance in that instance.

VII. Ineffective assistance of counsel for failing to argue at sentencing that there was no proof that Exhibit-7 was crack cocaine for enhanced penalties to apply.

The Court has already discussed this issue in two other contexts, and further discussion in not warranted. *See supra* at III & V.

## CONCLUSION

Having carefully considered the matter, the Court finds no merit in any of Defendant's arguments, and thus, it is respectfully **RECOMMENDED**:

That the motion for adjudication on the merits on *Booker* grounds, Doc. 146, be **DENIED**;

That the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Doc. 126, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this __**31st**__ day of May, 2005.


        **s/ A. KORNBLUM**
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.